UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAMARA CHURCHILL,

                              Plaintiff,

        v.

MICHAEL J. ASTRUE. Commissioner of
Social Security,

                              Defendant.

Case No. 3:11-cv-05829-KLS

ORDER GRANTING PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES
PURSUANT TO THE EQUAL ACCESS
TO JUSTIC ACT

This matter is before the Court on plaintiff's motion for attorney's fees in the amount of $6,609.60 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. See ECF #21.  After reviewing plaintiff's motion, defendant's response thereto and the remaining record, the Court hereby finds and orders that for the reasons set forth below, the motion is granted and plaintiff is awarded the full amount of attorney's fees requested.

FACTUAL AND PROCEDURAL HISTORY

On June 7, 2012, this Court issued an order reversing defendant's denial of plaintiff's applications for disability insurance and supplemental security insurance benefits, and remanding this matter for further administrative proceedings. See ECF #19.  Specifically, the Court found the ALJ erred in evaluating the medical opinions of Glenn F. Sterns, Ph.D., Kimberly Wheeler, Ph.D., Supriya Kang, M.D., and Dan Neims, Psy.D., in assessing plaintiff's residual functional capacity, and in finding her to be capable of performing her past relevant work, as well as other jobs existing in significant numbers in the national economy, and therefore in determining her to

ORDER - 1

be not disabled. <u>See id.</u>  On August 5, 2012, plaintiff filed her motion for EAJA attorney's fees, noting it for consideration on August 17, 2012. <u>See</u> ECF #21.  Defendant filed his response thereto on August 13, 2012. <u>See</u> ECF #22.  As no reply brief has been filed, and the noting date has now passed, plaintiff's motion is ripe for consideration.

DISCUSSION

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a) [of 28 U.S.C. § 2412], incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  Thus, a claimant will be eligibility for attorney's fees, costs and expenses under the EAJA if: (1) he or she is a "prevailing party"; (2) the government's position was not "substantially justified"; and (3) no "special circumstances" exist that make an award of attorney fees unjust. <u>Commissioner, Immigration and Naturalization Service v. Jean</u>, 496 U.S. 154, 158 (1990).

In social security disability cases, "[a] plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees."[1] <u>Akopyan v. Barnhart</u>, 296 F.3d

---

[1] Section 405(g) of Title 42 of the United States Code "authorizes district courts to review administrative decisions in Social Security benefit cases." <u>Akopyan v. Barnhart</u>, 296 F.3d 852, 854 (9th Cir. 2002).  Sentence four and sentence six of Section 405(g) "set forth the exclusive methods by which district courts may remand [a case] to the Commissioner." <u>Id.</u>  "The fourth sentence of § 405(g) authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 98 (1991); <u>see also</u> <u>Akopyan</u>, 296 F.3d at 854 (sentence four remand is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits.")  A remand under sentence four thus "becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal." <u>Akopyan</u>, 296 F.3d at 854.  A sentence six remand, on the other hand, "may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." <u>Id.</u>  Accordingly, "[u]nlike sentence four remands, sentence six remands do not constitute final

ORDER - 2

852, 854 (9th Cir. 2002) (citing Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993).  Such a plaintiff is considered a prevailing party even when the case is remanded for further administrative proceedings.  See id.  As noted above, this matter was remanded for further administrative proceedings.  As such, plaintiff thereby obtained a sentence four remand, and thus is deemed to be a prevailing party under the EAJA.

As noted, defendant's position also must not be "substantially justified."  Jean, 496 U.S. at 158.  For defendant's position to be found to be "substantially justified," normally this requires an inquiry into whether defendant's conduct was "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person" – and "had a 'reasonable basis both in law and fact.'"  Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)); Penrod v. Apfel, 54 F.Supp.2d 961, 964 (D. Ariz. 1999) (citing Pierce, 487 U.S. at 565); see also Jean, 496 U.S. at 158 n.6; Flores v. Shalala, 49 F.3d 562, 569-70 (9th Cir. 1995).  Defendant has the burden of showing his position was substantially justified.  Gutierrez, 274 F.3d at 1258.

Defendant's position must be "as a whole, substantially justified."  Gutierrez, 274 F.3d at 1258-59.  As the Ninth Circuit has explained:

> The plain language of the EAJA states that the "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); Jean, 496 U.S. at 159, 110 S.Ct. 2316 (explaining that the "position" relevant to the inquiry "may encompass both the agency's prelitigation conduct and the [agency's] subsequent litigation positions").  Thus we "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court."  Kali v. Bowen, 854 F.2d 329, 332 (9th Cir.

judgments." Id. at 855.  Instead, "'[i]n sentence six cases, the filing period [for motions for EAJA attorney's fees] does not begin until after the postremand proceedings are completed, the Commissioner returns to court, the court enters a final judgment, and the appeal period runs.'" Id. (citing Melkonyan, 501 U.S. at 102).

ORDER - 3

1988).

Id. at 1259 (defendant must establish it was substantially justified in terms of ALJ's underlying conduct and in terms of its litigation position defending ALJ's error); see also Kali, 854 F.2d at 332 (government's position analyzed under "totality of the circumstances" test)[2]; Thomas v. Peterson, 841 F.2d 332, 334-35 (9th Cir. 1988).

Indeed, the Ninth Circuit has stated "[i]t is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying decision would not." Sampson, 103 F.3d at 922 (quoting Flores, 49 F.3d at 570 n.11). It is true that the EAJA creates "a presumption that fees will be awarded unless the government's position was substantially justified." Thomas, 841 F.2d at 335; see also Flores, 49 F.3d at 569 (noting that as prevailing party, plaintiff was entitled to attorney's fees unless government could show its position in regard to issue on which court based its remand was substantially justified). Nevertheless, "[t]he government's failure to prevail does not raise a presumption that its position was not substantially justified." Kali, 854 F.2d at 332, 334; Thomas, 841 F.2d at 335.

Plaintiff argues the government's position was not substantially justified in this case. The Court agrees.  Defendant argues that because the Court stated in its order that it was not certain at the time from the improperly evaluated medical opinion sources that plaintiff was disabled, the ALJ "acted reasonably, though imperfectly" in determining her to be not disabled, and defendant also acted reasonably in defending that determination in Court. ECF #22, p. 4.  There is nothing incongruent, however, in finding an ALJ has committed clear errors, while also at the same time finding the record overall does not yet support a determination of disability, thereby requiring a

---

[2] As the Ninth Circuit put it in a later case: "[i]n evaluating the government's position to determine whether it is substantially justified, we look to the record of both the underlying government conduct at issue and the totality of circumstances present before and during litigation." Sampson v. Chater, 103 F.3d 918, 921 (9th Cir. 1996).

ORDER - 4

remand for further administrative proceedings, rather than an outright award of benefits.  Indeed, as the Ninth Circuit has noted, a plaintiff is considered a prevailing party even when the matter has been remanded for further proceedings. See Akopyan, 296 F.3d at 854.

In this case, the Court finds clear errors were committed by the ALJ that justified neither the ALJ's non-disability determination nor defendant's defense thereof.  For example, the ALJ gave great weight to the opinion of Dr. Sternes that the limitations plaintiff had due to anhedonia and depression were "unlikely to interfere with her ability to complete a workday," when clearly Dr. Sternes' testimony was directly at odds with the ALJ's finding here. See ECF #19, p. 5; AR 16, 46.[3]  That is, the ALJ based his finding on an inaccurate reading of the record.  It is difficult to understand how such a finding or defense thereof is justifiable.

The ALJ's treatment of Dr. Wheeler's opinion also was clearly erroneous.  As explained in the order reversing and remanding this matter, the ALJ failed to provide legitimate, let alone specific, reasons for failing to adopt many of the moderate to marked limitations Dr. Wheeler assessed, and indeed did not actually provide any. See ECF #19, p. 7.  Rather, the ALJ merely stated that he found "a portion of [Dr. Wheeler's] opinion consistent with the medical record," and thus "afforded some weight" thereto. Id. (quoting AR 12).  It is clear, though, that in the Ninth Circuit, such overly general findings are insufficient for an ALJ to reject the opinion of an examining physician. See Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988).  Again, it seems far from unreasonable for the ALJ to not know that more, specific reasons were needed to reject Dr. Wheeler's opinion, and for the government to defend the ALJ on this issue here. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996) (even when contradicted, examining physician's opinion "can only be rejected for specific and legitimate reasons").

---

[3] Dr. Sternes opined in relevant part that "it might be unlikely she would complete a work day or work[week]." AR 46.

ORDER - 5

The same is true in regard to the ALJ's treatment of the opinions of Dr. Kang and Dr. Neims. See ECF #19, pp. 8-10 (finding error in ALJ's failure to give specific and legitimate reasons for not adopting limitations assessed by Drs. Kang and Neims, by merely stating that "the portion of [Dr. Kang's] opinion that is consistent with the residual functional capacity, as stated below, is afforded some weight," and "[t]he undersigned finds [Dr. Neims'] opinion inconsistent with the medical record as a whole" respectively) (quoting AR 12-13).  Given these errors, it also was unreasonable for the ALJ to find, and for defendant to argue, plaintiff had the residual functional capacity to perform not only her past relevant work, but other jobs existing in significant numbers in the national economy as well.  That is, although it was not entirely clear that plaintiff was disabled based on the improperly rejected medical opinion evidence, what was clear was that the ALJ's decision was unsupported by substantial evidence, and the reasons the ALJ gave for the non-disability determination contained therein were not free of legal error, and thus were not substantially justified.

Lastly, to be entitled to an award of EAJA attorney's fees, no special circumstances must exist that make an award of such fees unjust.  Defendant, however, has not argued or shown that special circumstances exist, making an award of attorney's fees unjust in this case.  Nor has defendant argued or shown that the amount of EAJA attorney's fees being requested by plaintiff is unreasonable.  Accordingly, plaintiff is entitled to EAJA attorney's fees in the total amount of $6,609.60.

<u>CONCLUSION</u>

Based on the foregoing discussion, plaintiff's motion for attorney's fees pursuant to the EAJA (see ECF #21) hereby is GRANTED.  Plaintiff hereby is awarded attorney's fees in the amount of $6,609.60.  Such fees shall be awarded to plaintiff pursuant to Astrue v. Ratliff, 130

S.Ct. 2521 (2010).  If it is determined that those fees are not subject to any offset allowed under

the United States Department of the Treasury's Offset Program, then the fees shall be made

payable to Sherri Allen, Esq., based upon plaintiff's assignment thereof to her attorney.  Such

payment shall be mailed to plaintiff's attorney, Sherri Allen, at P.O. Box 2209, Bremerton,

Washington, 98310.

        DATED this 29th day of August, 2012.


Karen L. Strombom
United States Magistrate Judge

ORDER - 7